**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

O'BRIEN SHAQUILLE HOOKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00067-FL-2)

Submitted:  October 1, 2021                              Decided:  October 21, 2021

Before WYNN and FLOYD, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

O'Brien Shaquille Hooker pled guilty, without a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1) (Count 1); Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(b)(1) (Count 2); and discharging a firearm during the commission of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (Count 3). On Counts 1 and 2, the district court calculated a Sentencing Guidelines range of 46 to 57 months' imprisonment. On Count 3, Hooker faced a statutorily mandated minimum term of 120 months' imprisonment, which must run consecutively with any other term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

The district court ultimately sentenced Hooker to 46 months' imprisonment on Counts 1 and 2, to run concurrently to each other, and 120 months' imprisonment on Count 3, to run consecutively to the other sentences. Hooker timely appealed, claiming that (1) the district court erred in denying his motion to dismiss Count 3 because Hobbs Act robbery is not a qualifying predicate crime of violence; and (2) his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous arguments for a downward variance on Counts 1 and 2.[*] For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

---

[*] Although Hooker's procedural reasonableness claim is framed rather narrowly in his brief, we interpret the claim broadly to allow for a full review. *Cf. United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("The Supreme Court has mandated that in reviewing any sentence, appellate courts *must first ensure* that the district court committed no significant procedural error." (internal quotation marks omitted)).

We review a district court's denial of a motion to dismiss an indictment de novo where, as here, it depends solely on a question of law. *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). According to Hooker, the district court should have dismissed Count 3 of the indictment because Hobbs Act robbery is not a qualifying, predicate crime of violence under § 924(c)(3)(A)'s force clause. As Hooker acknowledges, however, this argument is foreclosed by *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) (holding "that Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)"). Accordingly, we find no error in the court's denial of Hooker's motion to dismiss Count 3.

Turning to Hooker's sentencing claim, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted). As relevant here, a sentence is procedurally unreasonable if the court fails to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (alteration and internal quotation marks omitted). While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may it "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020) (internal quotation marks

omitted).  However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir.), *cert. denied*, 141 S. Ct. 382 (2020) (internal quotation marks omitted).

Prior to his sentencing hearing, Hooker filed a written request for a variance, asking the district court to impose a total sentence of 120 months in light of *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017), in which the Supreme Court held that district courts are not prevented "from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."  In support of his argument for a variance under *Dean*, Hooker presented numerous nonfrivolous mitigating factors—both in writing and orally during the sentencing hearing—including the fact that he was relatively young and developmentally immature; had a low risk of recidivism in light of his education and employment history; had never before served any prison time; had cooperated with officials and accepted responsibility following his arrest; had no history of violence or theft; had gotten a job and was on a good path between the date of the offense and the date of his arrest on federal charges; and had been the less culpable party during the offense because his codefendant was both the instigator and the aggressor.

Our review of the record reveals that the district court did not directly address any of these mitigating factors in announcing its sentence.  Even viewing the court's explanation in the context of the sentencing hearing as a whole, we conclude that the record fails to provide sufficient contextual indicators to confirm that the court, in fact, considered these arguments or to illuminate its reasons for rejecting them.  *See Nance*, 957 F.3d at

4

213; *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Absent more, we are left to "guess at the district court's rationale" when factoring these considerations into its sentencing calculus, inhibiting our meaningful appellate review of the sentence. *See Ross*, 912 F.3d at 745 (internal quotation marks omitted). Thus, we conclude that the court procedurally erred in failing to provide further explanation when rejecting these arguments.

The Government alternatively contends that any deficiency in the court's explanation is harmless. A procedural sentencing error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted); *see Ross*, 912 F.3d at 745. Our review of the record belies the Government's assertion that the court's failure to more explicitly consider or address these remaining arguments is harmless.

Accordingly, we affirm Hooker's conviction, vacate his sentence, and remand for resentencing. We deny as moot Hooker's motion for supplemental briefing on an additional sentencing issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5